IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3095 |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSEPH J. KISER, | ) | |
| | ) | |
| Defendant. | ) | |

    I held a hearing on March 2, 2006 on the motion to withdraw filed by Kirk E. Naylor, counsel for the defendant, asserting a potential ethical conflict. Although counsel for the government attended the beginning of the hearing at my request, I excused her when Mr. Naylor indicated the need to make an ex parte showing in support of the motion.

    Mr. Naylor fully disclosed the reasons for his motion to withdraw in the presence of the defendant. After hearing Mr. Naylor's concerns, Joseph J. Kiser told me that he still wanted Mr. Naylor to represent him. Mr. Naylor agreed to continue to represent Mr. Kiser provided that (a) Mr. Naylor was appointed to do so by the Court under the Criminal Justice Act and (b) Mr. Kiser consulted with independent counsel about the advisability of Mr. Naylor's continued representation.

    I am persuaded that whatever potential ethical conflict might exist, such a potential conflict can be waived by Joseph J. Kiser. Cf. Fed. R. Crim. P. 44. In order to preserve Mr. Kiser's right to retain counsel of his choosing, I am also persuaded that if any potential conflict of interest is waived, that I should appoint Mr. Naylor under the Criminal Justice Act to continue to represent the defendant.

    Therefore,

    IT IS ORDERED that:

1. Another hearing on the motion to withdraw (filing 28), together with a hearing on Joseph J. Kiser's potential waiver of the potential conflict of interest, is scheduled for 11:00 AM on Thursday, March 9, 2006. Mr. Kiser and Mr. Naylor shall be present. Counsel for the government is excused. The motion to withdraw is held in abeyance until that time.

2. After I orally advised him of the nature of the potential conflict of interest, John Vanderslice, Assistant Federal Public Defender, agreed to serve as "standby" counsel to represent Joseph J. Kiser regarding whether the defendant should seek independent counsel or waive any potential conflict of interest and proceed with Mr. Naylor as his counsel. I now appoint Mr. Vanderslice to serve as "standby" counsel. He should enter his appearance as such. Mr. Vanderslice shall consult with Joseph J. Kiser. Mr. Vanderslice shall attend the hearing on March 9, 2006 at 11:00 AM referred to in paragraph 1 above. At that time, Mr. Vanderslice should be prepared to advise me whether any waiver offered by Joseph J. Kiser is knowing, intelligent and voluntary.

3. The Clerk of the Court shall send copies of this order to counsel of record and Mr. Vanderslice.

March 3, 2006.       BY THE COURT:

               *s/ Richard G. Kopf*
               United States District Judge