IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3095 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JOSEPH J. KISER, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum and the defendant's objections in this case.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objections (filing 41) to drug quantity and a weapon will be resolved at sentencing. In addition:

A.  Because this case involved a Guideline computation under USSG § 2D1.2, the probation officer noted, but did not enhance the calculation as a result of, the presence of a weapon.  I have serious reservations about whether this omission is correct.  It makes no sense to me that the gun should be disregarded.  *The parties should carefully brief this issue. The probation officer should also do further research and advise the lawyers and me via e-mail as to the results.*  In any event, I herewith give notice that when applying USSG § 2D1.2(a)(1)or(a)(2) it may be legally correct to compute the offense level by considering both U.S.S.G. 2D1.1(a) *and* USSG 2D1.1(b)(1).  Even if that is not the case, an upward departure or variance may be warranted because of the presence of a gun and I give notice that I am considering such a decision.  These matters will be resolved at sentencing.

B.   The government's notice (filing 40) that the defendant's drug quantity objection may breach the plea agreement is noted.  Since I have not yet accepted the plea agreement, defense counsel is free to make his objection.  However, if counsel requests that I accept the plea agreement at the time of sentencing, that *may* moot the drug quantity objection.  I note, however, that the plea agreement calls for a base offense level of 32.  (Filing 20 at CM/ECF page 2 ¶ 6.)  This is inconsistent with the calculation of 33 contained in the PSR.  (PSR ¶ 42.)  Moreover, a level 32 is inconsistent with an offense level calculated with the gun in mind. I further advise the parties that I do not consider the plea agreement to have been reached under Rule 11(c)(1)(C), and, at sentencing, they should be prepared to tell me if they disagree.

(3)    Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

April 24, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge